# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMEZCUA, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  1:23-cv-01491-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　　Background**

　　　Plaintiff Kevin Lamar Porter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 22, 2024, the Court screened the complaint and found that Plaintiff stated cognizable claims against: (1) Defendant Amezcua for retaliation in violation of the First Amendment; (2) Defendant Amezcua for excessive force in violation of the Eighth Amendment for slamming Plaintiff on the ground; and (3) Defendants Amezcua and Chao for excessive force in violation of the Eighth Amendment for forcefully moving Plaintiff despite his complaints of severe pain.  (ECF No. 16.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)  Plaintiff's first amended complaint, filed May 6, 2024, is currently before the Court for screening.  (ECF No. 17.)

1

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in First Amended Complaint

Plaintiff is currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison – Corcoran ("CSP – Corcoran"). Plaintiff names the following defendants: (1) Correctional Officer C. Amezcua; (2) Correctional Officer T. Chao; (3) John Doe 1–5; and (4) Jane Doe 1–2. All defendants are employees of CSP – Corcoran and are sued in their individual capacities.

Plaintiff was an inmate at CSP – Corcoran on April 28, 2023. On April 28, 2023, at approximately 1636 hours, Defendant Amezcua slammed Plaintiff on the ground unnecessarily, for no legitimate reason. Plaintiff attempted to ask Defendant Amezcua to slow down his pace,

because Plaintiff was having chest pains due to an injury he sustained earlier that day. After Amezcua slammed Plaintiff on the ground, Plaintiff requested to be examined by medical staff for a medical emergency. Amezcua's Body Worn Camera ("BWC") for April 28, 2023, at the time between 1630 hours to 1650 hours, shows Plaintiff asking for adequate and reasonable medical care, and being denied it.

After Amezcua slammed Plaintiff on the ground unnecessarily, Defendant Chao was in a position to prevent further unnecessary use of force, as were Defendants John Doe 1–5. Defendants Chao and John Doe 1–5 assisted Amezcua by helping Amezcua forcefully move Plaintiff, in total disregard to Plaintiff's complaints of severe back pain.

Plaintiff has a medical history of moderate facet spondylosis at L5-S1 with suggestion of neural foraminal narrowing at this level, and associated discogenic endplate changes at L5-S1.

The slam on the ground by Amezcua aggravated Plaintiff's chronic back condition and caused a lot of pain that was even more painful when Chao and John Doe 1–5 forcefully moved Plaintiff without his consent. Amezcua also forcefully moved Plaintiff without his consent after he slammed Plaintiff on the ground unnecessarily.

Defendants Jane Doe 1–2 denied Plaintiff adequate medical care for his aggravated back injury he sustained after being slammed on the ground by Amezcua.

Amezcua made a false report against Plaintiff, in retaliation for Plaintiff making an unnecessary/excessive use of force allegation against Amezcua and filing a grievance against Amezcua regarding that allegation. Plaintiff was found Not Guilty of Amezcua's false report by Lieutenant D. Hernandez on June 12, 2023, after reviewing Defendants Amezcua and Chao's BWCs and discovering that Plaintiff did nothing wrong or illegal, and nothing that would justify any use of force. Defendants Amezcua, Chao, and John Doe 1–5 were wearing BWCs during the incident in question on April 28, 2023.

Amezcua was aware that Plaintiff had made an allegation of unnecessary and excessive use of force against him, and that Plaintiff filed a grievance against him for another incident prior to April 28, 2023. Prior to the incident on April 28, 2023, Amezcua was involved in a cell extraction that resulted in him using unnecessary and excessive force against Plaintiff, who told

1  Amezcua during and after the incident that he would be filing a grievance because what Amezcua
2  did was unnecessary.  Amezcua was wearing a BWC during the incident that occurred prior to
3  April 28, 2023.
4      Plaintiff exhausted his requirements under the Prison Litigation Reform Act.  Plaintiff
5  filed Government Claims on these issues within six months of accrual of the causes of actions,
6  and a rejection letter was sent for Claim #190000213.
7      <u>First Cause of Action</u> (Excessive Force under 42 U.S.C. § 1983)
8      Defendant Amezcua committed excessive and unnecessary use of force against Plaintiff
9  when he slammed Plaintiff on the ground for no legitimate reason.  Defendants Chao and John
10  Doe 1–5 committed excessive and unnecessary use of force against Plaintiff when they grabbed
11  Plaintiff without his consent after the slam and forcefully moved Plaintiff while disregarding the
12  complaints of pain coming from Plaintiff due to his lower back chronic condition being
13  aggravated or worse.  As a direct and proximate result of Defendants Amezcua, Chao, and John
14  Doe 1–5's excessive and unnecessary use of force, Plaintiff's lower back was injured from the
15  slam, and it caused severe pain and made it hard for Plaintiff to move around at first, which
16  increased the pain when Defendants Chao and John Doe 1–5 forcefully moved Plaintiff.
17      <u>Second Cause of Action</u> (Battery/Wrongful Act and Omission under Cal. Govt.
18  § 844.6(d))
19      Defendant Amezcua committed battery against Plaintiff when he slammed Plaintiff on the
20  ground unnecessarily for no legitimate reason.  Defendants Chao and John Doe 1–5 committed
21  battery against Plaintiff when they forcefully moved him while disregarding his complaints of
22  lower back pain.  As a direct and proximate result of Defendants Amezcua, Chao, and John Doe
23  1–5's battery, Plaintiff's lower back was injured from the slam, and Plaintiff was subjected to a
24  lot of pain from being moved forcefully.
25      <u>Third Cause of Action</u> (Retaliation under 42 U.S.C. § 1983)
26      Defendant Amezcua retaliated against Plaintiff for filing a grievance against him and
27  making an unnecessary and excessive use of force allegation against him when Amezcua made a
28  false report against Plaintiff, charging Plaintiff for a rule violation after finding out that Plaintiff

4

filed a grievance and made an allegation against Amezcua for unnecessary and excessive use of force.  Charging Plaintiff for a Rule Violation Report that was intentionally false and only filed because Plaintiff filed a grievance and made an unnecessary and excessive use of force allegation against Amezcua advances no correctional goal.  Being charged a false report for exercising your First Amendment rights would chill or silence a person of ordinary firmness from future First Amendment activities, as would being slammed on the ground for no legitimate reason.  As a direct and proximate result of Amezcua's retaliation, Plaintiff was charged a false RVR, and slammed on the ground, injuring his lower back, which subjected Plaintiff to a lot of pain and made it hard for Plaintiff to move around for some time afterwards.

<u>Fourth Cause of Action</u> (Violation of Civil Rights: Interference by threat, intimidation, or coercion – Cal. Civ. Code § 52.1(c) and Cal. Govt. Code § 844.6(d))

Plaintiff filing a grievance against Amezcua, and making an unnecessary and excessive use of force allegation against Amezcua, Chao, and John Doe 1–5 is an exercise of Plaintiff's freedom of speech and petition under the First Amendment of the United States Constitution. Plaintiff requesting adequate medical care from Amezcua, Chao, John Doe 1–5, and Jane Doe 1–2 for a serious medical condition is an exercise of Plaintiff's right to be free from the unnecessary and wanton infliction of pain under the Eighth Amendment of the United States Constitution.

Amezcua attempted to interfere with Plaintiff's rights when he slammed Plaintiff to the ground and charged him for a RVR that was false.  Chao and John Doe 1–5 interfered with Plaintiff's rights when they forcefully moved him and ignored his complaints of severe lower back pain that was aggravated by Amezcua's slam.  Jane Doe 1–2 interfered with Plaintiff's rights when they were aware of his serious medical condition, and failed to treat him for it.

As a direct and proximate result of Amezcua, Chao, John Doe 1–5, and Jane Doe 1–2's interference and attempted interference, Plaintiff injured his back and was subjected to unnecessary and wanton infliction of pain.

<u>Relief</u>

Plaintiff seeks compensatory and punitive damages against all defendants.

///

**B.     Discussion**

    **1.     First Amendment – Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff alleges that he previously filed a grievance and made an unnecessary use of force allegation against Defendant Amezcua for an incident that occurred prior to April 28, 2023. After finding out about Plaintiff's grievance, Defendant Amezcua retaliated against Plaintiff by filing a false RVR and slamming Plaintiff to the ground on April 28, 2023, causing Plaintiff to injure his lower back and suffer a lot of pain. At the pleading stage, Plaintiff states a cognizable claim for

retaliation against Defendant Amezcua.

### 2. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

#### a.   Excessive Force

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim for excessive force against Defendant Amezcua for slamming Plaintiff on the ground for no legitimate reason, and against Defendants Amezcua, Chao, and John Does 1–5 for then forcefully moving Plaintiff in disregard to Plaintiff's complaints of severe back pain.

#### b.   Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

7

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that after he was slammed to the ground by Defendant Amezcua, he requested to be examined by medical staff for a medical emergency, and the request was denied. Plaintiff also alleges that Defendants Jane Doe 1–2 denied Plaintiff adequate medical care for the aggravated back injury he sustained after being slammed on the ground by Amezcua. While Plaintiff states that these defendants were aware of his serious medical condition when he requested care, there is no indication, other than Plaintiff's conclusory allegation, that any defendant was aware Plaintiff had a serious medical need that could result in further significant injury without treatment, or that the refusal to provide such treatment was deliberately indifferent, rather than merely indifferent or negligent. Plaintiff fails to state a claim for deliberate indifference to medical care.

///

### 3. False Report

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

To the extent Plaintiff is attempting to bring a claim based on Defendant Amezcua filing false charges against him, Plaintiff fails to state a cognizable claim.

### 4. State Law Claims

California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

///
///
///

Plaintiff is required to comply with the claim presentation requirement for all state law claims raised in the complaint.[1] Plaintiff alleges that he filed Government Claims on the issues presented in his complaint within six months of accrual of the causes of action, and a rejection letter was sent for claim #190000213.  At the pleading stage, Plaintiff has alleged compliance with the claim presentation requirement for his state law claims.

          a.      <u>Bane Act</u>

California Civil Code section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*, 949 P.2d 941, 942 (1998).  A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id.* at 944. The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law.  *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 472 (Cal. Ct. App. 2007) (quotation marks omitted).  "[T]he Bane Act imposes an additional requirement beyond a finding of a constitutional violation." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766 (2017)).  Specifically, the Bane Act's "threat, intimidation, and coercion" language requires "a specific intent to violate" the right at issue, which may take the form of a "reckless disregard for a person's constitutional rights[.]" *Id.* at 1045.

At the pleading stage, Plaintiff states a cognizable claim against Defendant Amezcua for violation of the Bane Act when he slammed Plaintiff to the ground in retaliation for Plaintiff previously filing a grievance against him, and against Defendants Amezcua, Chao, and John Doe 1–5 for forcefully moving Plaintiff despite his complaints of severe back pain.  However, Plaintiff

---

[1] The Court notes, however, that California Government Code § 844.6(d) does not provide for a private right of action, but creates a narrow exception to the immunity of public entities for injuries to prisoners, for failure to summon medical care.

fails to state a cognizable Bane Act claim against any other defendant for denying his request for medical care.

b. Battery

Under California law, "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. To allege a cognizable claim for battery, a plaintiff must allege "that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss, or harm to the plaintiff." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

At the pleading stage, Plaintiff states a cognizable claim for battery against Defendants Amezcua for slamming Plaintiff on the ground, and against Defendants Amezcua, Chao, and John Doe 1–5 for forcefully moving Plaintiff despite his complaints of severe back pain.

**5. Doe Defendants**

Plaintiff names several doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**III. Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims against: (1) Defendant Amezcua for retaliation in violation of the First Amendment and a related state law claim for violation of the Bane Act; (2) Defendant Amezcua for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for slamming Plaintiff on the ground; and (3) Defendants Amezcua, Chao, and John Does 1–5 for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for forcefully moving Plaintiff despite his complaints of severe pain. However, Plaintiff's first amended complaint fails to state any other cognizable claims against any other defendants.

Accordingly, is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed May 6, 2024, (ECF No. 17), against:

    a. Defendant Amezcua for retaliation in violation of the First Amendment and a related state law claim for violation of the Bane Act;

    b. Defendant Amezcua for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for slamming Plaintiff on the ground; and

    c. Defendants Amezcua, Chao, and John Does 1–5 for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for forcefully moving Plaintiff despite his complaints of severe pain; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 7, 2024**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

12