# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>        Plaintiff,<br><br>   v.<br><br>AMEZCUA, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01491-JLT-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 18)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS AS MOTION FOR LEAVE TO AMEND<br>(ECF No. 22)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br>(ECF No. 22)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Kevin Lamar Porter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 8, 2024, the Court screened Plaintiff's first amended complaint filed May 6, 2024, and found that Plaintiff stated cognizable claims against: (1) Defendant Amezcua for retaliation in violation of the First Amendment and a related state law claim for violation of the Bane Act; (2) Defendant Amezcua for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for slamming Plaintiff on the ground; and (3) Defendants Amezcua, Chao, and John Does 1–5 for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for forcefully moving Plaintiff despite his complaints of severe pain. (ECF No. 18.) The Court further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (*Id.*) Plaintiff was directed to file any

1  objections to the findings and recommendations within fourteen (14) days.  Following an
2  extension of time, Plaintiff timely filed objections to the findings and recommendations on June
3  3, 2024.  (ECF No. 22.)

4  In his objections, Plaintiff argues that his Eighth Amendment claim for deliberate
5  indifference to medical care should be allowed to proceed.  (*Id.*)  Plaintiff states that he
6  demonstrated in his first amended complaint that the defendants knew of Plaintiff's medical
7  emergency and severe back pain due to the complaints Plaintiff made, and the requests he made
8  in his attempt to receive an examination for his medical emergency.  If there is any doubt about
9  the meaning of the words Plaintiff used to explain this claim, he should have the benefit of the
10 doubt and as a pro se prisoner his pleadings should be construed liberally.  Plaintiff requests that
11 his claim be allowed to proceed or he be permitted to file a second amended complaint.  (*Id.*)

12 While Plaintiff's complaint must be construed liberally, Plaintiff must set forth "sufficient
13 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*
14 *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
15 (2007)).  Though detailed factual allegations are not required, "[t]hreadbare recitals of the
16 elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*,
17 556 U.S. at 678 (citation omitted).  As discussed in the findings and recommendations, Plaintiff's
18 first amended complaint provides only conclusory statements regarding his deliberate
19 indifference to medical care claim.  Further, Plaintiff was provided the applicable pleading
20 standards, (*see* ECF No. 16, pp. 7–8), and was unable to cure this deficiency.  Accordingly, the
21 Court does not find it appropriate to allow Plaintiff's deliberate indifference claim to proceed as
22 currently pled.

23 However, in light of Plaintiff's *pro se* status and in an abundance of caution, the Court
24 finds it appropriate to vacate the pending findings and recommendations and to grant Plaintiff
25 leave to file a second amended complaint.  The Court will screen the second amended complaint
26 in due course to determine whether it states a cognizable claim for relief.

27 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
28 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 8, 2024, (ECF No. 18), are VACATED;
2. Plaintiff's objections to the findings and recommendations, (ECF No. 22), are CONSTRUED as a motion for leave to file a second amended complaint;
3. Plaintiff's motion for leave to file a second amended complaint, (ECF No. 22), is GRANTED;
4. The Clerk's Office shall send Plaintiff a complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
6. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **June 6, 2024**                               /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

3