# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMEZCUA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01491-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 26)<br><br>**FORTY-FIVE (45) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COURTESY COPY OF FIRST AMENDED COMPLAINT AND MAY 8, 2024 SCREENING ORDER ON PLAINTIFF<br>(ECF Nos. 17, 18) |

　　　　Plaintiff Kevin Lamar Porter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Following screening of the first amended complaint and re-service of the Court's order in response to Plaintiff's June 14, 2024 notice of change of address, Plaintiff's second amended complaint or notice of voluntary dismissal is due on or before July 17, 2024.  (ECF Nos. 23, 24.)

　　　　Currently before the Court is Plaintiff's motion for an extension of time to file his second amended complaint, filed July 1, 2024. (ECF No. 26.)  Plaintiff states that he is currently without any of his court documents, except for the Court's June 6, 2024 order that he received on June 27, 2024.  Plaintiff does not have law library access, and is hoping that the Court will send him a copy of his first amended complaint so he may go from there.  Plaintiff requests at least a 30-day

extension with a copy of his first amended complaint, or at least a 60-day extension otherwise. (*Id.*)

Having considered the request, Plaintiff has shown good cause for the requested extension of time. Fed. R. Civ. P. 6(b). The Court finds that an extension of forty-five days is appropriate under the circumstances. Although the Court generally will not send free copies of case documents, the Court will make a one-time exception and direct the Clerk of the Court to send Plaintiff a copy of the first amended complaint and the Court's May 8, 2024 screening order with the applicable legal standards to assist Plaintiff in preparing his second amended complaint.

Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 26), is GRANTED;
2. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court's May 8, 2024 screening order (or file a notice of voluntary dismissal);
3. The Clerk of the Court is DIRECTED to serve on Plaintiff a courtesy copy of the May 6, 2024 first amended complaint (ECF No. 17), and the May 8, 2024 screening order, (ECF No. 18); and

4. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated: __**July 2, 2024**__              /s/ *Barbara A. McAuliffe*             _
                                           UNITED STATES MAGISTRATE JUDGE