**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMEZCUA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01491-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS JOHN DOE 1–5 AND JANE DOE 1–2 FROM ACTION WITHOUT PREJUDICE<br><br>(ECF No. 32)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Procedural History**

Plaintiff Kevin Lamar Porter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendant Amezcua for retaliation in violation of the First Amendment and a related state law claim for violation of the Bane Act; (2) Defendant Amezcua for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for slamming Plaintiff on the ground; (3) Defendants Amezcua, Chao, and John Does 1–5 for excessive force in violation of the Eighth Amendment and related state law claims for battery and violation of the Bane Act for forcefully moving Plaintiff despite his complaints of severe pain; and (4) Defendants Amezcua, Chao, John Does 1–5, and Jane Does 1–2 for deliberate indifference to medical care in violation of the Eighth Amendment and a related claim for violation of the Bane Act.

1

The Court did not find service appropriate for Defendants John Doe 1–5 and Jane Doe 1–2, and ordered Plaintiff to file a motion to substitute the identities of Defendants John Doe 1–5 and Jane Doe 1–2 that provided the Court with enough information to locate them for service of process. (ECF No. 32.) Plaintiff was warned that if he failed to comply with the Court's order, the Court would dismiss any unidentified defendants from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 2.)

The deadline for Plaintiff's response to the Court's November 4, 2024, order has expired. To date, Plaintiff has not filed a motion to substitute the identities of Defendants John Doe 1–5 and Jane Doe 1–2 or otherwise complied with the Court's order.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421–22.

///

Plaintiff has been granted an opportunity to provide sufficient information to identify Defendants John Doe 1–5 and Jane Doe 1–2 so the United States Marshal may serve the summons and complaint.  Despite a warning that failure to do so would result in dismissal of the unidentified defendants from this action, Plaintiff has not complied with the Court's order.  In addition, Plaintiff has failed to set forth good cause for his failure to identify Defendants John Doe 1–5 and Jane Doe 1–2, and has failed to provide any explanation detailing the efforts he has taken to locate the names of these defendants.

### III. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that Defendants John Doe 1–5 and Jane Doe 1–2 be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2025**              /s/ *Barbara A. McAuliffe*  
                                                          UNITED STATES MAGISTRATE JUDGE